GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR
PUBLIC DISCLOSURE

____ FILED        ____ LODGED
____ RECEIVED     ____ COPY

SEP 0 5 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.    CR-23-1268-PHX-JJT (MTM) |
| Plaintiff, | **I N D I C T M E N T** |
| vs. | VIO:    21 U.S.C. § 846<br>(Conspiracy to Distribute Fentanyl)<br>Count 1 |
| 1. Roger Oliver Ramirez,<br>(Counts 1 – 4, and 10 – 12) | 21 U.S.C. §§ 841(a)(1) and<br>841(b)(1)(B)(vi)<br>(Possession with Intent to Distribute<br>Fentanyl)<br>Count 2 |
| 2. Nestor Eduardo Pineda, and,<br>(Counts 2 – 3, and 13) | 18 U.S.C. § 924(c)(1)(A)(i)<br>(Possession of a Firearm in<br>Furtherance of/Use of a Firearm<br>During and in Relation to a Drug<br>Trafficking Offense)<br>Count 3 |
| 3.  Alejandro Bracamontes Valtierra,<br>(Counts 4 – 12) | |
| Defendants. | 18 U.S.C. §§ 922(a)(1)(A), 923(a),<br>and 924(a)(1)(D)<br>(Dealing Firearms without a<br>License)<br>Count 4 |
| | 18 U.S.C. §§ 922(a)(6) & 924(a)(2)<br>(Material False Statement During the<br>Purchase of a Firearm)<br>Counts 5 – 9 |
| | 18 U.S.C. §§ 922(a)(6), 924(a)(2)<br>and 2<br>(Aid and Abet Material False<br>Statement During the<br>Purchase of a Firearm)<br>Counts 10 – 12 |

18 U.S.C. §§ 922(g)(1) and 924(a)(8)
(Felon in Possession of a Firearm)
Count 13

18 U.S.C. §§ 924(d), 981 and 982,
21 U.S.C. §§ 853 and 881; and
28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

## COUNT 1

On or between April 12, 2022, and July 22, 2022, in the District of Arizona, Defendant ROGER OLIVER RAMIREZ did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about July 22, 2022, in the District of Arizona, Defendants ROGER OLIVER RAMIREZ and NESTOR EDUARDO PINEDA did knowingly and intentionally possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], propanamide (commonly known as fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

- 2 -

## COUNT 3

On or about July 22, 2022, in the District of Arizona, Defendants ROGER OLIVER RAMIREZ and NESTOR EDUARDO PINEDA did knowingly carry and use a firearm during and in relation to a drug trafficking crime, and did knowingly possess a firearm in furtherance of a drug trafficking crime, that is, Conspiracy to Distribute Fentanyl as alleged in Count 1 of this Indictment, and Possession with the Intent to Distribute Fentanyl as alleged in Count 2 of this Indictment, both are felony crimes prosecutable in a Court of the United States.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

On or between February 9, 2022, through July 22, 2022, in the District of Arizona, Defendants ROGER OLIVER RAMIREZ and ALEJANDRO BRACAMONTES VALTIERRA, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNTS 5 – 9

On or about the dates listed below, in the District of Arizona, Defendant ALEJANDRO BRACAMONTES VALTIERRA knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ALEJANDRO BRACAMONTES VALTIERRA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the

firearms on behalf of Defendant ROGER OLIVER RAMIREZ:

| Count | Date | FFL Business |
|---|---|---|
| 5 | July 4, 2022 | Jones & Jones |
| 6 | June 23, 2022 | Jones & Jones |
| 7 | May 13, 2022 | Jones & Jones |
| 8 | May 4, 2022 | Jones & Jones |
| 9 | March 4, 2022 | Firearm Unknown |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 10 - 12

On or about the dates listed below, in the District of Arizona, Defendant ROGER OLIVER RAMIREZ aided and abetted Defendant ALEJANDRO BRACAMONTES VALTIERRA, who knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ALEJANDRO BRACAMONTES VALTIERRA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, Defendant ALEJANDRO BRACAMONTES VALTIERRA was purchasing the firearms on behalf of Defendant ROGER OLIVER RAMIREZ:

| Count | Date | Location |
|---|---|---|
| 10 | July 16, 2022 | Sportsman's Warehouse |
| 11 | June 21, 2022 | Sprague's Sports |
| 12 | March 28, 2022 | Sprague's Sports |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 13

On or about July 22, 2022, in the District of Arizona, Defendant NESTOR EDUARDO PINEDA, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearm(s), to wit:

(1) a Glock 23, Gen 5, .40 caliber pistol bearing serial number (SN): BWMV292;

(2) a Glock 42, .380 caliber pistol bearing SN: AEXL792;

(3) a Armscor M1911-A1FS, .38 caliber pistol bearing SN: RIA2397231;

(4) a Hi Point C9, 9mm pistol bearing SN: P10078855;

(5) a Sig Sauer P320 M18, 9mm pistol bearing SN: M18A034094;

(6) a Ruger, model Ruger-5.7 caliber pistol bearing SN: 643-67244;

(7) a Glock 43x, 9mm pistol bearing SN: BUEM382;

(8) a Masterpiece Arms Defender, 9mm pistol bearing SN: FX33095;

(9) a FNH 409, 9mm pistol bearing SN: GKS0228558;

(10) a Interarms Hellpup, 7.62 caliber rifle bearing SN: PAC1156999;

(11) a Kel-Tec Sub 2000, 9mm pistol bearing SN: FGUB46;

(12) a Riley Defense Rak-47, 7.62 caliber pistol bearing SN: B41937;

(13) a Glock 48, 9mm pistol bearing SN: BTHS151;

(14) a Ruger LCP II, .380 caliber pistol bearing SN: 380806962;

(15) a Black Rain Ordinance Fallout 15, 5.56 caliber rifle bearing SN: BR058092; and

(16) a Taurus Model 856, .38 caliber revolver bearing SN: ACN745700;

all of which were in and affecting interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 13 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d), 981 and 982; 21 U.S.C. §§ 853 and 881; and, 28

U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 13 of this Indictment, Defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the Defendants are liable, including, but not limited to, the following property involved and used in the offense:

(1)  a Glock 23, Gen 5, .40 caliber pistol bearing serial number (SN): BWMV292;

(2)  a Glock 42, .380 caliber pistol bearing SN: AEXL792;

(3)  a Armscor M1911-A1FS, .38 caliber pistol bearing SN: RIA2397231;

(4)  a Hi Point C9, 9mm pistol bearing SN: P10078855;

(5)  a Sig Sauer P320 M18, 9mm pistol bearing SN: M18A034094;

(6)  a Ruger, model Ruger-5.7 caliber pistol bearing SN: 643-67244;

(7)  a Glock 43x, 9mm pistol bearing SN: BUEM382;

(8)  a Masterpiece Arms Defender, 9mm pistol bearing SN: FX33095;

(9)  a FNH 409, 9mm pistol bearing SN: GKS0228558;

(10)  a Interarms Hellpup, 7.62 caliber rifle bearing SN: PAC1156999;

(11)  a Kel-Tec Sub 2000, 9mm pistol bearing SN: FGUB46;

(12)  a Riley Defense Rak-47, 7.62 caliber pistol bearing SN: B41937;

(13)  a Glock 48, 9mm pistol bearing SN: BTHS151;

(14)  a Ruger LCP II, .380 caliber pistol bearing SN: 380806962;

(15)  a Black Rain Ordinance Fallout 15, 5.56 caliber rifle bearing SN: BR058092; and

(16)  a Taurus Model 856, .38 caliber revolver bearing SN: ACN745700;

If any forfeitable property, as a result of any act or omission of the Defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d), 981, and 982; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c); and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date:  September 5, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*
ADDISON SANTOME
Assistant U.S. Attorney